**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herman ROBINSON, Defendant–
Appellant.**

No. 03–30144
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 2003.

Stephen A. Higginson, Diane Hollenshead Copes, Assistant US Attorneys, US Attorney's Office, Eastern District of Louisiana, New Orleans, LA, for Plaintiff–Appellee.

John H. Craft, Assistant Federal Public Defender, Robin Elise Schulberg, Federal Public Defender's Office, Eastern District of Louisiana, New Orleans, LA, for Defendant–Appellant.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Herman Robinson pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of cocaine base and more than 500 grams, but less than five kilograms, of cocaine hydrochloride and distributing less than 500 grams of cocaine hydrochloride. On appeal, he contends that his guilty plea as to the conspiracy court should be set aside as unsupported by the factual basis. He avers that the factual basis to his guilty plea attributed 49.2 grams of cocaine base to him but that the indictment charged him with conspiracy to possess with the intent to distribute more than 50 grams of cocaine base. Robinson contends that the discrepancy between the factual basis and the indictment rendered his plea invalid.

Because Robinson did not challenge the factual basis in the district court, review is for plain error only. *United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). The district court did not plainly err in accepting Robinson's guilty plea to conspiring to distribute more than 50 grams of cocaine base as alleged in the indictment. Robinson admitted under oath at rearraignment that he was guilty of a more–than–50–gram conspiracy. *See* FED. R. CRIM. P. 11(f); *United States v. Adams*, 961 F.2d 505, 508–09 (5th Cir. 1992). Even if it is assumed that Robinson admitted to conspiring to possess with the intent to distribute only 49.2 grams of cocaine base, Robinson makes no argument that he was misled or prejudiced by the discrepancy between the indictment and the factual basis, and the record does not show prejudice. *See United States v. Phillips*, 625 F.2d 543, 546 (5th Cir.1980). The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.